**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

MICHAEL ALLAN HAROLDSON

Debtor.

Case No. 14-26941 MER

Chapter 13

**ORDER**

Subsequent to the denial of confirmation of his Chapter 13 plan, the Debtor in this case seeks reevaluation of this Court's precedent regarding the treatment of non-filing spouses in Chapter 13 cases.  Specifically, the Debtor's Corrected Amended Chapter 13 Plan and the objection thereto by the Chapter 13 Trustee ("Trustee") present the following issues:  1) whether a debtor may deduct mortgage or rent on Form I22C-1 when the house he lives in has no mortgage and is not owned by him; 2) the extent to which a debtor must provide financial information regarding a non-filing spouse; and 3) whether a debtor who is married and living with a spouse may claim a household size of one.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (L) because it involves the administration of the estate and the confirmation of the Debtor's plan.

**BACKGROUND FACTS**

Michael Haroldson ("Debtor") and his spouse ("Mrs. Haroldson") testified their financial lives are separate, and they do not combine their income and expenses.  They have no joint bank accounts, credit accounts, or debts.  However, they split household expenses such as utilities and groceries, and file joint tax returns.  The Debtor's only secured debt is a loan against his motorcycle, for which he also pays the taxes and upkeep expenses.

Mrs. Haroldson pays no portion of the Debtor's payments to the Trustee.  According to the parties' stipulated facts, Mrs. Haroldson is retired, and receives a pension payment from PERA[1] every month, a dividend from ManuLife every quarter, and payments from an inherited IRA.  Her gross monthly PERA payment is $5,286.57.  After deducting state and federal taxes and monthly

---

[1] Public Employees' Retirement Association.

insurance deductions for herself and the Debtor, her monthly net PERA payment totals $3,458.14. Her inherited dividend from ManuLife in 2015 was $402.10 for a monthly amount of approximately $33.51.  Her inherited IRA distribution is approximately $155.87 per month.

The Haroldsons live in a home with no mortgage.  The home is titled in the name of Mrs. Haroldson only, and she pays the property taxes.  The Debtor's Amended Form 122C-1 indicates a household size of one, and lists a deduction for mortgage expenses of $1,289.[2]  Moreover, the Debtor's Amended Schedules I and J indicate Mrs. Haroldson has no income and no expenses, listing each line item for the non-filing spouse as zero.[3]

## DISCUSSION

With respect to confirmation of a Chapter 13 plan, "[t]he controlling section of the Bankruptcy Code is [11 U.S.C § 1325.]."[4]  Section 1325(b)(1)(B) provides:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
>
> . . .
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.[5]

**A.   The Debtor may not claim a housing deduction for a home he does not own and which has no mortgage lien.**

The Debtor relies on a recent case from the Bankruptcy Court for the Central District of Illinois to argue he may claim a $1,289 mortgage deduction, even though his residence is owned free and clear by Mrs. Haroldson.[6]  Judge

---

[2] *See* Debtor's Exhibit 2, Amended Official Form 122C-2, filed January 12, 2016 at Docket No. 61.

[3] *See* Debtor's Exhibit 3, Amended Schedules I and J, filed January 12, 2016 at Docket Nos. 63 and 64.  The Debtor's previous Schedules I and J and Form 122C-1 indicated income for Mrs. Haroldson in the form of her salary and later her pension, and listed the household size as two.  *See, e.g.,* Debtor's Exhibit 1, Official Form I22C-1 dated August 31, 2015.

[4] *In re Arrigo*, 399 B.R. 700, 702 (Bankr. D. Colo. 2008).
[5] § 1325(b)(1)(B).

[6] *In re Currie*, 537 B.R. 884 (Bankr. C.D. Ill. 2015).

Mary Gorman of the Bankruptcy Court for the Central District of Illinois noted the IRS Local Standards for housing and utilities contain only one deduction including all housing related expenses, making no distinction between ownership costs and other expenses:

> [W]hen a debtor has no mortgage payment, the portions of the form created to facilitate integrating the deduction of such a payment with the Local Standards is "irrelevant." The full Local Standard: Housing and Utilities is applicable to debtors who have housing expenses, and nothing in the development of the B22C or the 22C–2 supports a contrary conclusion.[7]

Judge Gorman distinguished the United States Supreme Court's opinion in *Ransom v. FIA Card Services* by noting the IRS local standards for transportation do not allow an individual to take a deduction for any vehicle ownership costs where no vehicle payments are made. Such a vehicle owner may only take a deduction for operating costs. However, the IRS housing and utilities standards are not divided into ownership expenses and operating costs. Therefore, Judge Gorman concluded the presence of **any** household expenses, such as utilities, entitles a debtor to the full IRS local standards deduction, just as if the home were encumbered.[8] Moreover, *Currie* determined the division of the housing and utilities on Form I22C-1 into insurance and operating expenses versus mortgage or rent expenses was inapplicable.[9] She concluded this demonstrated Congress's intent to limit judicial discretion to determine what expenses are reasonable and necessary by using the IRS national and local standards, and those standards do not have such a division.[10]

The Court has reviewed both *Currie* and *Ransom*. The Court respectfully disagrees with the *Currie* interpretation of *Ransom*, and finds *Ransom* prohibits the Debtor's claimed deduction. In *Ransom*, the Supreme Court stated:

> Because Congress intended the means test to approximate the debtor's reasonable expenditures on essential items, a debtor should be required to qualify for a deduction **by actually incurring an expense in the relevant category.** If a debtor will not have a particular kind of expense during his plan, an allowance to cover that

---

[7] *Id*. at 893-94.

[8] *Id*. at 890 (citing *Ransom v. FIA Card Services, N.A.*, 562 U.S. 61 (2011)).

[9] *Id.*at 893.

[10] *Id*. In addition, the United States Trustee in *Currie* took the position the debtor was entitled to the full housing and utilities expense, arguing the division on Form 22C was made by the Executive Office of United States Trustees and did not bind the debtor. *Id.*, at 891.

cost is not "reasonably necessary" within the meaning of the statute.[11]

On October 5, 2015, this Court entered an order denying confirmation in *In re Herlein*. Similar to the instant case, *Herlein* involved a debtor whose spouse owned the home in which the couple resided, free from a mortgage. The Chapter 13 Trustee in *Herlein* argued, *inter alia*, the debtor was not contributing all her monthly disposable income to the plan because she deducted the IRS local standard amount for mortgage or rent expenses, despite the fact there was no mortgage on her residence.

Ms. Herlein argued because Bankruptcy Form 122C-1 required her to use local IRS standards to take a mortgage deduction, she was allowed to take the deduction even though no mortgage existed on the property. This Court rejected the argument, finding the debtor could not claim an expense she did not have, and pointing out the *Ransom* Court addressed the issue of what makes a deduction "applicable" in a case in which a debtor claimed an automobile loan or lease deduction although the debtor owned the vehicle outright:

> A debtor may claim a deduction from a National or Local Standard table (like "[Car] Ownership Costs") if, but only if, that deduction is appropriate for him. And a deduction is so appropriate only if the debtor has costs corresponding to the category covered by the table—that is, only if the debtor will incur that kind of expense during the life of the plan.
> . . .
>
> If Congress had not wanted to separate in this way debtors who qualify for an allowance from those who do not, it could have omitted the term "applicable" altogether. Without that word, all debtors would be eligible to claim a deduction for each category listed in the Standards.[12]

The Court sees no reason to modify or change its earlier position on this issue.

### B. The Debtor must correct Schedules I and J and Form B 122C-1, and must indicate his correct household size.

"Our interpretation of the Bankruptcy Code starts where all such inquiries must begin: with the language of the statute itself."[13] "[W]hen the statute's

---

[11] *Ransom*, *supra*, at 70-71 (emphasis added).

[12] *In re Herlein*, *supra*, at p. 5 (citing *Ransom, supra,* at 69-70). *See also Toxvard*, 485 B.R. 423, 438 (Bankr. D. Colo. 2013) (citing *Ransom*); *In re Wilson*, 454 B.R. 155, 157 (Bankr. D. Colo. 2011).

[13] *Ransom, supra,* at 69.

language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."[14] When a word is not defined, the Court should apply its ordinary meaning.[15] The term "household expenses" is not defined by the Bankruptcy Code. However, a household is ordinarily defined as "[a] family living together . . . . A group of people who dwell under the same roof."[16] An expense is defined as "[a]n expenditure of money[.]"[17]

Under these guidelines, the Debtor's statements on his most recent Amended Schedules and Amended Form B 122C, that Mrs. Haroldson has **no** income are plainly inaccurate.[18] Mrs. Haroldson has income and expenses, as shown in the Debtor's previous filings, and it is absurd now to assert her income and expenses are zero. Debtors are required to provide accurate information to the Court.[19]

The Debtor relies on a recent case from the Eastern District of Michigan in support of his position that the financial information Mrs. Haroldson provided is adequate, and no additional information should be required to confirm the Debtor's Amended Plan.[20] In *Blackshear*, the non-filing spouse's income was not listed on the debtor's Schedule I, but it appeared on the debtor's Form B22C.[21] The *Blackshear* Court found the disclosure of the $600 monthly contribution to household expenses provided the bankruptcy court with all the information it needed to calculate the debtor's disposable income.[22]

This Court disagrees. A debtor must provide information regarding a non-filing spouse's income and expenses on Schedules I and J and Form B 122C-1. As this Court previously explained: "Disclosure of [a non-filing spouse's]

---

[14] *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

[15] *Smith v. United States*, 508 U.S. 223, 228 (1993).

[16] BLACK'S LAW DICTIONARY 808 (9th ed. 2009).

[17] *Id*. at 658. *See also In re Toxvard*, supra, at 435.

[18] *See* Amended Schedules I & J, and Amended Form 22C.

[19] "Full disclosure and accurate information in the statement of financial affairs, schedules, and Form 22 C constitutes a critical part of debtors' responsibilities." *Arrigo, supra,* at 707 (citing *In re DeVoll*, 266 B.R. 81, 98 (Bankr. N.D. Tex. 2001)).

[20] *In re Blackshear*, 531 B.R. 711 (E.D. Mich. 2015).

[21] This is the previous name for the form now known as Form B 122C-1.

[22] *Blackshear, supra,* at 716-717 (citing *In re Rodgers*, 2014 WL 4988388 (Bankr. W.D. Mo. Oct. 7, 2014); *In re Kuhns*, 2011 WL 4713225 (Bankr. N.D. Ohio Oct. 7, 2011); *In re Cardillo*, 170 B.R. 490 (Bankr. D. N.H. 1994)).

income is necessary, not only to show the Debtor is committing all of [his] disposable income to Plan payments, but also to show feasibility and good faith, two additional requirements for confirmation under 11 U.S.C. § 1325."[23] To obtain confirmation, the Debtor must file amended forms including Mrs. Haroldson's income and expenses, even though such information does not appear to affect the Debtor's own disposable income.

Further, Line 16b of the Debtor's Amended Form B 122C-1 is inaccurate because it indicates the number of persons in the Debtor's household is one, when the household size is two. Based on the Supreme Court's ruling in *Ransom* and the other cases discussed above, the Court finds the Debtor cannot rely on inaccurate documents in seeking to confirm his plan.

## CONCLUSION

The Debtor asserts the full housing deduction may be taken by him despite the fact the house is owned free and clear by Mrs. Haroldson individually. In addition, the Debtor contends it is appropriate to list his household size as one, and that he has provided the Trustee with sufficient information about Mrs. Haroldson's income to meet the requirements of § 1325. For the above reasons, the Court finds no reason to reconsider its previous rulings in *Herline* and *Toxvard*, and declines to do so. Therefore, the Court finds the Debtor must abide by this Court's previous holding in *Herline*, and will deny confirmation on that basis. Further, the Court finds the Debtor must amend his statements and schedules to reflect Mrs. Haroldson's income and his correct household size.

Accordingly,

IT IS ORDERED the confirmation of Debtor's Amended Chapter 13 Plan is DENIED. The deadline to file a new amended plan and provide amended schedules and an amended Form I22C-1 will be set by separate order.

DATED May 19, 2016                    BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[23] *Toxvard*, *supra*, at 442. This disclosure was found to be necessary even though mortgage payments made by the non-filing spouse on a home he alone owned were not included in the debtor's income.